IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02248-BNB

MILTON BELCHER,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

---

ORDER TO FILE PRE-ANSWER RESPONSE

---

    Applicant is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his criminal conviction and sentence in state criminal case no. 03CR3527.

    As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court has determined that a limited Pre-Answer Response is appropriate. Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and to *Denson v. Abbott*, 554 F.Supp. 2d 1206 (D. Colo. 2008), to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondent does not intend to raise either of these affirmative defenses, he must notify the Court of that decision in the Pre-Answer Response. Respondent may not file a

dispositive motion as his Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

The Court also notes that Mr. Applicant names the DOC as a Respondent. Because the law is well-established that the only proper respondent to a habeas corpus action is the habeas applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), the caption of this Order does not list the DOC.  Therefore, only the Attorney General for the State of Colorado is listed in the caption of this Order.  Accordingly, it is

ORDERED that the only properly named Respondent for the purpose of service is the Attorney General of the State of Colorado.  It is

ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Pre-Answer Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, he must notify the Court of that decision in the Pre-Answer Response.

Dated:  September 14, 2012

BY THE COURT:

 s/Boyd N. Boland
United States Magistrate Judge