IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02248-BNB

MILTON BELCHER,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

I.  Background

    Applicant, Milton Belcher, is in the custody of the Colorado Department of Corrections.  Mr. Belcher, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Magistrate Judge Boyd N. Boland reviewed the Application and determined Mr. Belcher's claims more properly are raised in an action filed pursuant to 28 U..C § 2254.  Mr. Belcher cured the deficiency by filing a § 2254 Application, ECF No. 9, on September 13, 2012.  Magistrate Judge Boland, on September 14, 2012, entered an order directing Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents filed a Pre-Answer Response, ECF No. 15, on November 5, 2012.  Rather than reply, Mr. Belcher filed a Motion to Stay, ECF No. 16, on November 19, 2012.  Mr. Belcher seeks to return to state court to exhaust any unexhausted claims and then return to federal court to proceed with this Application.

Mr. Belcher pled guilty to attempted second degree kidnapping with a deadly weapon in El Paso County District Court Case No. 03CR3527 and was sentenced to twelve years of incarceration on April 25, 2005. Application at 1-2; Pre-Answer Resp, ECF No. 15-1, App. A at 6. Subsequently, the sentencing court entered an order for restitution on August 9, 2005. *Id. at 16.* Mr. Belcher states he did not file a direct appeal, but he did file a postconviction motion in 2007 and again in 2010. He further states that he filed separate motions addressing his presentence confinement.

Mr. Belcher asserts the following claims: (1) his right to presentence confinement credit was denied; (2) his right to a liberty interest was violated; and (3) he was denied effective assistance of counsel.

II.  Analysis

For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A.  28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the

> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Belcher's Application is time-barred.

To apply the one-year limitation period, the Court first must determine the date Mr. Belcher's conviction became final. Mr. Belcher's conviction and sentence were final at the latest forty-five days after the sentencing court entered the order of restitution on August 9, 2005. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Colo. App. R. 4(b) (Pursuant to Rule 4(b) of the Colorado Appellate Rules that was in effect at the time Applicant was sentenced, he had forty-five days to file a notice of appeal after he was sentenced.). Mr. Belcher's conviction, therefore, became final on September 23, 2005, when the time ran for appealing the sentence. Accordingly, for purposes of § 2244(d), time began to run on September 24, 2005, the day after Applicant's sentence became final.

The next question the Court must answer is whether any of the state court postconviction proceedings Mr. Belcher initiated tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. According to the register

3

of actions for Case No. 03CR3527, Mr. Belcher filed a postconviction motion on March 1, 2006, 158 days after his conviction and sentence were final.  The district court treated the postconviction motion as filed pursuant to Colo. R. Crim. P. 35(c) and denied the motion on March 16, 2006.  See ECF No. 15-5 at 2.  Although Mr. Belcher appealed the denial, the appeal was dismissed as untimely on February 8, 2007.  Id.; Pre-Answer Resp., ECF No. 15-1, App. A at 16.  Because the untimely appeal is not considered a properly filed appeal under 28 U.S.C. § 2244(1)(D), see Hoggro v. Boone, 150 F.3d 1223, 1227 n.4 (10th Cir. 1998), the time is not tolled from May 1, 2006, the day after the time expired to appeal the denial of the postconviction motion, until February 8, 2007, when the appeal was denied as untimely.  The only time tolled would be from March 1, 2006, when Mr. Belcher filed the postconviction motion, until April 30, 2006, when the time expired to file an appeal.  The remaining time from May 1, 2006, until May 29, 2007, the day before Mr. Belcher filed his next postconviction motion, a total of 394 days, is not tolled.  By May 29, 2007, 552 days were not tolled for the purpose of § 2244(d), which is more than the one-year time limitation.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  Holland v. Florida, 130 S. Ct. 2549, 2554 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 2652 (internal quotation marks and citation omitted); accord Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting Wallace v. Kato, 549 U.S. 384, 396 (2007)).  The inmate must allege with specificity the steps he took to pursue his federal claims.  Yang, 525 F.3d at 930.

Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. See *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. See *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010).

Mr. Belcher fails to allege any facts in the Application that justify equitable tolling of the one-year limitation period. On Page Nine of the § 2254 Application, Section "F. Timeliness of Application," in response to the directive to explain why the Application is not barred by the one-year limitation period in 28 U.S.C. § 2244(d), Mr. Belcher wrote, "N/A." Furthermore, Mr. Belcher, rather than reply to Respondent's timeliness argument, filed a motion to stay so that he could return to state court and exhaust his unexhausted claims. He does not address the timeliness of the Application in any of the pleadings. Therefore, the action will be dismissed as time-barred under 28 U.S.C. § 2244(d).

### B.  State-Court Exhaustion

Because the action is time-barred, the Court will refrain from addressing whether Mr. Belcher has exhausted his state court remedies.

### III.  Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Belcher files a notice of appeal he must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Belcher has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that Mr. Belcher's Motion to Stay, ECF No. 16, is denied as moot.

DATED at Denver, Colorado, this  7th  day of    February    , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court