IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02248-LTB

MILTON BELCHER,

     Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Milton Belcher, acting *pro se*, filed a "Motion to Amend and/or Re-File Complaint." The Court must construe the Motion liberally because Mr. Belcher is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Court will construe the Motion as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Belcher's Motion to Reconsider pursuant to Rule 59(e) because the motion

was filed within twenty-eight days after the Court dismissed this action as time-barred. *See Van Skiver*, 952 F.2d at 1243 (previous ten-day limit applied to Rule 59(e) filings).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The action was dismissed as time-barred under 28 U.S.C. § 2244(d).  In the Motion to Reconsider, Mr. Belcher asserts, in a conclusory and vague fashion, that the statute of limitations never started because the sentencing court failed to secure and protect his constitutional and statutory presentence confinement rights.  Applicant, however, fails to provide any evidence that the Court incorrectly found that for well over a year he did not have a postconviction motion or collateral proceeding pending in state court.

Mr. Belcher further claims, in a generic fashion, that equitable tolling may be appropriate for an exception to procedural barriers for bringing constitutional claims.  To demonstrate equitable tolling, an applicant must allege with specificity the steps he took to pursue his federal claim show that he is entitled to equitable tolling.  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008).  Nothing Mr. Belcher asserts supports a finding of equitable tolling.  Therefore, Mr. Belcher has failed to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.

2

Accordingly, it is

ORDERED that the Motion to Amend and/or Re-File Complaint, ECF No. 22,  is

construed as Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  22nd  day of  February , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court